TEXAS & NEW ORLEANS RAILWAY COMPANY v. W. W. WALKER ET AL.

Decided May 23, 1906.

**1.—Evidence—Opinion—Time Required to Transport.**

Evidence considered and held sufficient to qualify a witness experienced in shipping cattle over a certain route to testify as to the reasonable time required for their transportation.

**2.—Carrier of Live Stock—Negligence.**

Evidence held sufficient to show negligent delay of cattle in transportation to market.

Appeal from the County Court of Bell County. Tried below before Hon. W. R. Butler.

*Baker, Botts, Parker & Garwood* and *Geo. W. Tyler*, for appellant.—

Plaintiff had not shown, in his answers, that he was qualified from experience or otherwise to give an opinion as to the reasonable time required to transport cattle from Belton to New Orleans. International & G. N. Ry. Co. v. Kuehn, 2 Texas Civ. App., 215; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 186; Sabine & E. T. Ry. Co. v. Brousard, 69 Texas, 622.

The evidence was insufficient to show negligent delay by defendant. Rev. Stats., art. 326; Rev. Stats. U. S. (1878), arts. 4386-4390; Galveston, H. & S. A. Ry. Co. v. Warnken, 35 S. W. Rep., 73; Missouri Pac. Ry. Co. v. Ivy, 79 Texas, 446; St. Louis, A. & T. Ry. Co. v. Turner, 1 Texas Civ. App., 632; Chicago, R. I. & T. Ry. Co. v. Kapp, 83 S. W. Rep., 233-4.

*Pendleton, Ferguson & Durrett,* for appellee.—The witness showed himself qualified to give his opinion. Gulf, C. & S. F. Ry. Co. v. Norfleet, 14 S. W. Rep., 703; 17 Cyc., 31-41, and see note 66, page 31, and note 67, page 32, for citation to State Courts.

EIDSON, ASSOCIATE JUSTICE.—This is an action for damages to a shipment of cattle from Belton, Texas, to New Orleans, Louisiana, made by appellee Walker over the roads of the Missouri, Kansas & Texas Railway Company of Texas and appellant. The case was tried before the court without a jury and judgment rendered in favor of appellee against the appellant for $220 and costs of suit and in favor of the Missouri, Kansas & Texas Railway Company of Texas.

The testimony, the admission of which is complained of in appellant's first assignment of error, was properly admitted. The testimony of the witness that he went with the shipment involved in the suit and that he had made shipments since that time over the same roads, though he did not go with them, and that he had made shipments from Belton to New Orleans over the Santa Fe road, in connection with the fact that the court will take judicial notice of the respective runs and locations of the Santa Fe road and that of the Missouri, Kansas & Texas Railway Company of Texas from Belton to New Orleans, showed him qualified to testify as to the reasonable time required to transport cattle over the roads of the Missouri, Kansas & Texas Railway Company of Texas and Texas & New Orleans Railway Company from Belton to New Orleans. (East L. & R. R. Ry. Co. v. Rushing, 69 Texas, 313; Gulf, C. & S. F. Ry. Co. v. State, 72 Texas, 410; Railway Company v. Graves, 2 Civ. Cases, Willson, 598.)

Appellant's other assignments of error contend that the findings of the court that appellee's cattle were unreasonably delayed during the course of transportation through the negligence of appellant, and that appellee was damaged as the direct result of such negligence, are not supported by the evidence. We do not agree with appellant in this contention. While there is a sharp conflict in the testimony on the issue of negligence on part of the appellant, in our opinion, it is sufficient to justify the findings and judgment of the court.

None of the appellant's assignments of error are well taken and the judgment of the court below is therefore affirmed.

*Affirmed.*