## MALLOY v. NORTHERN PAC. RY. CO.

(Circuit Court, W. D. Washington. March 5, 1907.)

### No. 1,197.

MASTER AND SERVANT—INJURIES TO SERVANT—INTERSTATE CARRIERS—EMPLOYERS' LIABILITY ACT—ASSUMED RISK.

Employers' Liability Act June 11, 1906, 34 Stat. 232, c. 3073, fixes a liability on all common carriers engaged in interstate and foreign commerce for damages to their employés who may suffer injuries resulting from negligence or by reason of any defect or insufficiency due to negligence in appliances, machinery, ways, or works, etc., and section 3 provides that no contract of employment shall constitute any bar or defense to any action brought to recover damages for personal injuries to or death of such employé. Held, that where plaintiff was injured while operating an unboxed saw in the car shops of defendant, an interstate railway company, by which he was employed, plaintiff did not assume the risk of voluntarily accepting employment in the shop, though the danger was obvious.

Action to recover damages for injuries suffered by plaintiff while working in defendant's carshops, at Tacoma, in the month of August, 1906. The complaint charges negligence on the part of the defendant in its business as a common carrier of interstate and foreign commerce by operating an unguarded saw in its carshops, and that said saw by reason of its defective condition caused a piece of timber to be hurled violently, causing the injury. By its answer the defendant pleads in defense that the unboxed saw and the danger of its operation were obvious, and known to plaintiff, and that by voluntarily accepting employment in the shop he assumed the risk of any injury which might happen from the operation of said saw. Demurrer to answer sustained.

Govnor Teats, for plaintiff.

B. S. Grosscup and A. G. Avery, for defendant.

HANFORD, District Judge. Act Cong. June 11, 1906, 34 Stat. 232, c. 3073, commonly called "The Employer's Liability Act" fixes a liability upon all common carriers engaged in interstate and foreign commerce, for damages to their employés who may suffer injuries resulting from negligence, or by reason of any defect or insufficiency due to negligence in cars, engines, appliances, machinery, track, roadbed, ways or works, and the third section of the act provides:

"That no contract of employment, * * * entered into by or on behalf of any employé, * * * shall constitute any bar or defense to any action brought to recover damages for personal injuries to or death of such employé."

The intent and object of Congress in the enactment of this statute is plain, viz., it is to make the liability of common carriers engaged in interstate commerce for injuries to their employés in consequence of negligence, or insufficiency or defects of the physical property used in the carrying business or pertaining thereto, more nearly absolute, and to deprive such employers of the benefit of defenses which were, previous to the enactment of the statute, legal. It is still lawful for men to engage in hazardous employments; but the class of employers to which the act refers cannot by any contracts which they may make with their employés avoid liability for damages which may be suffered as a consequence of negligence. An express contract between the plaintiff and the defendant, exempting the latter from liability for damages in case of an injury caused by the operation of a saw in its carshop, negligently permitted to be unnecessarily dangerous by reason of being unboxed, would not constitute a bar to a recovery of damages in this case, because the statute so declares, and if an express contract would be unavailing, this special defense, predicated upon an implied contract, must also fail.

Demurrer sustained.