NELS MARTINSON, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED MARCH 1, 1918. No. 19803.

1. **Master and Servant:** ACTION FOR INJURY: PETITION: SUFFICIENCY: FEDERAL LIABILITY ACT. A petition in an action against a railroad company for personal injuries to plaintiff while he was in the employ of defendant, stating that defendant was the owner, and was "engaged in the operation of a system of steam commercial railroads traversing the states of Illinois, Iowa, Nebraska, Colorado, and other states," when not attacked by demurrer or motion, sufficiently alleges the interstate character of defendant so as to bring the cause of action within the federal employers' liability act. 35 U. S. St. at Large, ch. 149, p. 65.

2.  **Pleading:** AMENDMENT: DATE OF INJURY. Plaintiff filed a petition stating a cause of action under the federal employers' liability act, but erroneously stated the date of the injury. *Held* proper to permit an amendment that correctly charged the date.

3.  **Limitation of Actions:** AMENDMENT OF PETITION. In such case, the petition having been filed and service of summons having been made within two years from the date of injury, the cause of action was not barred by the statute of limitations, although more than two years had elapsed between the date of injury and the date of the amendment.

4.  **Master and Servant:** ASSUMPTION OF RISK. In entering upon the work of a boilermaker's helper, plaintiff assumed the ordinary risks incident to the employment, but he did not assume the risk of injury arising from remaining in a tank for an unusual length of time, under the direction of his superior, if in so doing he acted with ordinary care under the circumstances.

5.  **Evidence** discussed in the opinion, and *held* sufficient to support the verdict of the jury.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Byron Clark, Strode & Beghtol* and *Jesse L. Root,* for appellant.

*Wilmer B. Comstock, contra.*

MORRISSEY, C. J.

Plaintiff recovered a judgment for injuries received while in defendant's employ, and defendant has appealed.

The petition alleged that the defendant owned and operated a railroad system traversing the states of Illinois, Iowa, Nebraska, Colorado, and other states, and owned, maintained and operated roundhouses and repair shops in Lincoln, Nebraska; that on January 17, 1914, the plaintiff, while employed by defendant as a boiler-maker's helper, through the negligence of the defendant, sustained injuries that destroyed his sense of hearing in the left ear. It was filed December 28, 1914. The cause was called for trial March 2, 1916. At the outset of the trial plaintiff, by leave of

court granted over the objection of the defendant, changed the allegation of his petition as to the date when the injury was received, and alleged the date of injury to be November 15, 1913. Defendant by its answer alleged that the cause of action, if any, accrued under the federal employers' liability act. This allegation is admitted in the reply. The defendant asks us to hold that the cause of action is barred by the statute of limitations because more than two years had elapsed between the date of the injury and the date of the amendment. By the alteration of the petition no new fact was alleged, nor was a new cause of action stated. The amendment was therefore properly allowed. Rev. St. 1913, sec. 7712. Our Code permits a liberal construction of pleadings, and, in the absence of demurrer or motion, it contained the necessary allegations to state a cause of action under the federal statute (*Seaboard Air Line Railway v. Duvall*, 225 U. S. 477), and the statute of limitations had not run. *Smith v. Atlantic C. L. R. Co.*, 210 Fed. 761.

The answer alleged that the right to recover, if any right of recovery existed, fell within the federal statute. This being admitted in the reply, no proof of the interstate character of defendant was required.

There is the further question of the sufficiency of the evidence. Plaintiff had been employed in the roundhouse, where the smaller repairs are usually made. The work on which he was engaged when he claims to have received the injury was a much larger job than that usually done at the roundhouse. He was assisting in putting a patch upon a water-tank attached to the tender of a locomotive engine. In order to do this work, plaintiff was sent inside to hold a heavy piece of iron against the end of each rivet, while another servant of the defendant applied an air hammer upon the rivet from the outside of the tank. The blows from the hammer made a great noise and din on the inside where plaintiff was working.

Plaintiff contends that at the time he entered the tank his hearing was good, but that after his day's work was done he was conscious of a roaring noise, and that he suffered great pain in his left ear, and that he has not since been able to hear in that ear. He claims that his injury is due to the negligence and carelessness of the defendant in not providing sufficient help and assistance while the work was being done, and in requiring him to continuously remain in the tank for an unusual and improper period of time. After plaintiff had been in the tank for some time, he emerged therefrom, and stated to Mr. Wolf, that the work was too hard for him. Plaintiff testifies that Wolf said he would see the boss; that Wolf went away and shortly thereafter returned and stated that the boss said there was no one else to put in plaintiff's place and that he would have to continue in the tank. Defendant assigns as error the ruling of the court permitting plaintiff to testify to what the foreman is claimed to have said to Wolf. At most, this was error without prejudice.

It is also claimed that the plaintiff assumed the risks incident to the services he was called upon to perform. He realized that the work was unusually hard, but we cannot say that this boy of 22, with little knowledge of our language and a very limited experience in the kind of work he was directed to do, realized, or might be expected to realize, that it would work a permanent injury to his hearing.

"A servant acting under the commands or threats of his master does not assume the risk incident to the act commanded, unless the danger incurred is fully appreciated and is such that no person of ordinary prudence would consent to encounter it; and the mere fact that the servant knows that there is some danger will not defeat his right to recover if in obeying he has acted with ordinary care under the circumstances." 26 Cyc. 1221. *Chesapeake & O. R. Co. v. De Atley,* 241

U. S. 310; *New York, N. H. & H. R. Co. v. Vizvari*, 210 Fed. 118.

The statute creates liability where the injury results in whole or in part from the negligence of the defendant, but provides that "the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." 35 U. S. St. at Large, ch. 149, sec. 3, p. 66. The court properly submitted this question to the jury. There is evidence in the record from which the jury might have found that the plaintiff's loss of hearing was not caused from being required to remain too long in the tank, but the weight of the evidence supports the finding of the jury. Plaintiff first entered the service of the defendant in February, 1913. He was examined by one of its physicians for membership in its voluntary insurance association, and his hearing was not found to be impaired. He left the service some time during the succeeding summer, but, desiring to return again to the service of the defendant, submitted to another examination in September, 1913, passed this examination and was again admitted to membership in this voluntary insurance association. The testimony of experts also supports the verdict.

Exceptions are taken to instructions given and to instructions requested' and refused, but the ruling of the court in the matter of the instructions, both given and refused, is in harmony with the views herein expressed, and the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.