Anton Eskelsen, appellee, v. Union Pacific Railroad Company, appellant.

Filed April 12, 1918.   No. 20416.

1. Master and Servant: Federal Employers' Liability Act: Petition. Plaintiff's original petition pleaded that the defendant owned and operated a railroad throughout Nebraska and other states named in the petition, and that he was employed by the company as a baggage handler at its Omaha depot, and while so engaged a fellow employee negligently caused a heavy trunk to fall upon him whereby he sustained personal injuries, for which he sought to recover damages. The petition did not state that it was brought under a law of Nebraska. *Held*, that the petition stated a cause of action under the federal employers' liability act, 8 U. S. Comp. St. 1916, secs. 8657-8665.

2. Limitation of Actions: Amendment of Petition. In such case an amended petition filed more than two years after the accident, that in specific terms alleged the interstate character of defendant and of plaintiff's employment, did not state a new cause of action, but related back to the filing of the original petition, and the action was not barred by the federal statute of limitations.

3. Commerce: Federal Employers' Liability Act: Scope. It is the carrier engaged in interstate commerce that this act (federal employers' liability act) seeks to regulate in relation to its duties to its employees, and the power of congress extends to, and the act was intended to cover, all the employees whose employment relates to such commerce; and if such common carrier is also at the same time engaged in intrastate commerce, using the same means and agencies for both, the power of congress extends to, and the act was intended to cover, all the employees whose employment relates to such means and agencies. *Kelley v. Great N. R. Co.*, 152 Fed. 211.

4. Master and Servant: Federal Employers' Liability Act: Assumption of Risk. Where a railroad company and an employee are both engaged in interstate commerce, such employee does not assume the risk of an injury that is inflicted as the result of the negligence of a fellow employee. 8 U. S. Comp. St. 1916, secs. 8657-8665.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Affirmed.*

*Edson Rich, A. G. Ellick* and *C. A. Magaw,* for appellant.

*Weaver & Giller, contra.*

DEAN, J.

Anton Eskelsen, aged 25, was a baggage handler for the Union Pacific Railroad company at its Omaha station and was earning $55 a month. On June 1, 1912, he began an action against the company for $3,000 damages for personal injuries sustained on April 3, 1912, by being violently struck on the head by a trunk that he alleged was negligently pushed from the top of a loaded truck by N. Nelson, a fellow employee in the station. He recovered judgment for $3,000. On appeal the judgment was, by the commission, reversed. The case was tried a second time, and on March 9, 1917, under an amended petition, he recovered a verdict and judgment for $3,500. Defendant has again appealed.

In the original petition plaintiff alleged, among other things, that the defendant "owns and operates a railroad throughout the states of Nebraska, Wyoming, Utah, and other states. * * * That he was employed by the defendant in the capacity of a baggage handler * * * on the 3d day of April, 1912, * * * and while engaged in this work, * * * in accordance with the direction of his foreman, a baggage handler on the top of another truck carelessly and negligently allowed a trunk weighing 150 pounds to fall down a distance of several feet upon plaintiff, striking him on the top and back of his head, causing plaintiff serious and severe injuries."

On March 3, 1916, on retrial plaintiff filed an amended petition, and besides praying for $15,000 damages it contained these additional averments: "That the defendant at all times herein complained of was a common carrier engaged in interstate commerce. * * * That the nature of the work being done by him (plaintiff) at the time of receiving the injuries complained of was in-

terstate in character.'' Defendant filed a motion to ''strike from the files the amended petition,'' because it was based on the federal employers' liability act (8 U. S. Comp. St. 1916, secs. 8657-8665), while the original petition as alleged was based on the laws of Nebraska, and was therefore a different cause of action, and because the action was barred on April 4, 1914, by the federal statute of limitations. The motion was overruled, and it seems to us properly so. Where in this class of cases a carrier is engaged in both interstate and intrastate commerce, some liberality must be permitted in the amendment of pleadings. *Walker v. Iowa C. R. Co.*, 241 Fed. 395. The original petition, though perhaps somewhat informal, did not allege that the cause of action arose under the laws of Nebraska, and did allege that defendant was operating ''a railroad throughout the states of Nebraska, Wyoming, Utah, and other states,'' and that when plaintiff was injured he was handling baggage that was carried by defendant's trains generally, and that the injury was caused by the negligence of ''a baggage handler'' who was a fellow servant. It appears to us that the cause of action was sufficiently pleaded in the original petition. In the absence of an attack by motion or demurrer there was no need of amendment. The amended petition merely emphasized in more specific terms the interstate character of defendant, and of plaintiff's employment, and did not introduce a new cause of action that, but for the averments of the original petition, would have been barred by the statute of limitations. *Seaboard A. L. Railway v. Renn*, 241 U. S. 290.

Upon defendant's motion being overruled, it answered the amended petition, admitting the injury and plaintiff's employment as baggage handler, but denied that the injury was serious and denied that either defendant or plaintiff's fellow servant were guilty of negligence, and alleged that the injuries were due solely to the gross carelessness and negligence of plaintiff and to risks

which he assumed and that were known to him and that were incident to his employment.

Defendant argues that the evidence will not sustain a cause of action against it under the federal employers' liability act. It contends that negligence by defendant is not shown, nor does it appear that plaintiff was employed or engaged in interstate commerce when he was injured, and that plaintiff's testimony, in so far as it "relates to the negligence charged, and the employment of plaintiff in interstate commerce, is based solely upon evidence given by the plaintiff, which is materially inconsistent with his testimony at the former trial, upon matters within his personal knowledge."

We cannot sustain defendant's contention in the respects noted. It appears clearly to us that plaintiff was regularly employed by defendant in work that was practically all interstate in character. In view of the record, we are of the opinion it would be unreasonable to hold that it was incumbent on plaintiff to allege and to prove that it was an interstate trunk that fell upon him. It is obvious that to announce a rule so narrow would amount in many instances to a denial of a right of recovery. In the apparent confusion that ordinarily attends the transfer and loading of large quantities of baggage at transcontinental stations, it is obvious that an injured employee, whose injuries were incurred as in the case at bar, might not be able to identify the article of baggage that fell on him. The rule seems to be that if the employee at the time of the injury is engaged in interstate work, or in work so closely related thereto as to be practically a part thereof, he comes within the statute. In the present case nearly all the baggage handled by defendant at the Omaha depot at the time of the accident was interstate in character. The intrastate baggage was negligible in quantity. *New York C. & H. R. R. Co. v. Carr,* 238 U. S. 260; *St. Louis, S. F. & T. R. Co. v. Seale,* 229 U. S. 156; *Kelley v. Great N. R. Co.,* 152 Fed. 211.

Eskelsen v. Union P. R. Co.

Defendant's argument that plaintiff's testimony at the second trial differed from his testimony at the first trial, mainly with respect to whether the trunk was interstate in character and with respect to the negligence of Nelson, does not seem to be open to the objections urged. The question involved the credibility of witnesses, and on this point the jury were correctly informed and found for plaintiff. Under the act in question plaintiff can not be held to have assumed the risk of an injury that arose from the negligence of a fellow employee. *Malloy v. Northern P. R. Co.*, 151 Fed. 1019.

In the trial court plaintiff was required to file a remittitur for $1,500, which left the amount of recovery at $2,000. He now insists that the amount so remitted should be added to the judgment under the provisions of chapter 247, Laws 1915. Doubtless there may be cases where for good cause the legislative authority so conferred should be exercised by us, but ordinarily the trial court, having the opportunity of seeing the injured person and of hearing him testify, is better qualified to pass on a question of this character than is a reviewing court with only the inanimate page of a printed record for its guidance. It is apparent that plaintiff's injuries were severe, but we are not convinced that the painstaking trial court erred in requiring the remittitur, and we therefore decline to disturb its ruling in the respect noted.

The judgment is

AFFIRMED.

SEDGWICK, J., not sitting.

HAMER, J., dissents.

The following opinion on motion for rehearing was filed July 8, 1918. *Modified, and rehearing denied.*

1. **Commerce:** FEDERAL EMPLOYERS' LIABILITY ACT: SCOPE. The federal employers' liability act refers to interstate commerce in a practical sense; and the test is whether the employee at the time of the injury was engaged in interstate transportation, or

in work so closely related thereto as to be practically a part thereof. *Chicago, B. & Q. R. Co. v. Harrington,* 241 U. S. 178, citing *Shanks v. Delaware, L. & W. R. Co.,* 239 U. S. 556.

2. ———: ———: Power of Congress. Congress, in the exercise of its power over interstate commerce, and subject to the limitations prescribed in the Constitution, may regulate those relations of common carriers by railroad and their employees which have a substantial connection with interstate commerce, and while both carrier and employee are engaged therein. *Second Employers' Liability Cases,* 223 U. S. 1.

Dean, J.

Upon re-examination we find that paragraph 3 of the syllabus of our former opinion, citing *Kelley v. Great N. R. Co.,* 152 Fed. 211, does not correctly state the law, and it is therefore withdrawn. The 1906 federal employers' liability act construed in *Kelly v. Great N. R. Co.* was held unconstitutional in *Employers' Liability Cases,* 207 U. S. 463. Subsequently the 1906 act was repealed, and on April 22, 1908, an amended act was passed. That act was held constitutional in *Second Employers' Liability Cases,* 223 U. S. 1, where it was said, in substance, that the act was intended to regulate the relations of common carriers and their employees which have a substantial connection with interstate commerce when both carrier and employee are engaged therein.

The record in the present case, fairly construed, discloses that the parties were both actually engaged in interstate commerce at the time when plaintiff was injured. It is fundamental that in cases arising under the act in question the plaintiff must plead and prove that he and the defendant were actually engaged in interstate commerce at the time of the injury. With respect to this feature the supreme court of the United States has placed a reasonable construction on the act in recent decisions. In *Shanks v. Delaware, L. & W. R. Co.,* 239 U. S. 556, it is said:

"Having in mind the nature and usual course of the business to which the act relates and the evident pur-

pose of congress in adopting the act, we think it speaks
of interstate commerce, not in a technical legal sense,
but in a practical one better suited to the occasion,
*  *  *  and that the true test of employment in such
commerce in the sense intended is, was the employee
at the time of the injury engaged in interstate trans-
portation or in work so closely related to it as to be
practically a part of it." The foregoing language is
cited and approved in *Chicago, B. & Q. R. Co. v.
Harrington,* 241 U. S. 178, in an opinion by Mr. Justice
Hughes.

Our re-examination of the evidence convinces us as
before that the trial court did not err in overruling
defendant's motion for a new trial. The application for
a rehearing is denied, and our former opinion, except
as to paragraph 3 of the syllabus, is adhered to.

                                    REHEARING DENIED.