## DETROIT UNITED RY. v. WEINTROBE.

### (Circuit Court of Appeals, Sixth Circuit.   February 13, 1919.)

### No. 3190.

1. DEATH ⊝⟶10, 16—DEATH BY WRONGFUL ACT—CAUSE OF ACTION—SURVIVAL AND DEATH ACTS.

    Rights of action under Michigan "survival act," where the person injured survives the injury for an appreciable time, and under the "death act," where death is instantaneous, are separate and distinct, and may not exist at the same time.

2. ACTION ⊝⟶40—DEATH BY WRONGFUL ACT—JOINDER OF CAUSES OF ACTION.

    . In Michigan, it is permissible to join in one declaration a count under the "survival act," on the theory that the person whose death is sued for survived his injuries an appreciable time, and one under the "death act," on the theory that the injury caused immediate death, though the two theories are inconsistent.

3. APPEAL AND ERROR ⊝⟶264, 719(8)—QUESTIONS REVIEWABLE—ABSENCE OF EXCEPTION OR ASSIGNMENT.

    In an action for death in Michigan, if there was a mistrial, in that, the verdict being general, there is no showing on which of two inconsistent theories plaintiff's recovery rested, whether on the theory of recovery under the survival or under the death act, it calls for no action by the Circuit Court of Appeals, in the absence of exception or assignment directed to the point.

4. COURTS ⊝⟶366(29)—FEDERAL COURT—APPLICATION OF STATE RULE.

    Where an action for death involves the application of the Michigan survival and death statutes, so far as the Michigan Supreme Court has established a rule as to when the action accrues under one statute rather than the other, the Circuit Court of Appeals should follow such rule, and not the decisions construing the federal statute.

5. DEATH ⊝⟶103(1)—DEATH BY WRONGFUL ACT—SURVIVAL—QUESTIONS FOR JURY.

    Where one injured breathed or gasped for breath while unconscious for about 15 minutes after the accident, whether there was a survival, so that the cause of action was under the Michigan survival act, or no survival, so that it was under the death act, *held* for the jury.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action at law by Max Weintrobe, administrator of the estate of Ben Kuidd, deceased, against the Detroit United Railway. To review judgment for plaintiff, defendant brings error. Affirmed.

Benjamin S. Pagel, of Detroit, Mich., for plaintiff in error.

George E. Brand, of Detroit, Mich., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

⊝⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DENISON, Circuit Judge. This case is, in all substantial respects, like No. 3191, Detroit United Ry. v. Weintrobe, Administrator of Gorwitz, —— C. C. A. ——, 259 Fed. 64, decided February 5, 1919, and must be disposed of by the same considerations, with one exception:

[1] In Michigan, a cause of action which accrues to one who suffers a personal injury survives his death from that injury, and the measure of damages is the value of his life to his estate. Under what is known as the death act, an action for death caused by wrongful act accrues to the representative of the deceased for the benefit of those next of kin who were pecuniarily dependent. These rights of action are separate and distinct, and they may not both exist at the same time. Hence it has come to be the settled rule that where the deceased survives the injury for an appreciable time, so that a cause of action accrues to him, recovery is had and damages are measured under and pursuant to the survival act (Comp. St. Mich. 1897, § 10117); while, when death follows immediately upon the wrongful act, recovery is had and damages are measured pursuant to the death act (Comp. St. Mich. 1897, § 10427). Lincoln v. Detroit, etc., Co., 179 Mich. 189, 195, 146 N. W. 405, 51 L. R. A. (N. S.) 710; Jorgensen v. Grand Rapids, etc., Co., 189 Mich. 537, 541, 155 N. W. 535.

[2, 3] The declaration in the present case contained two counts— one upon the theory of the survival of the action which had accrued to the deceased; and the other upon the theory of an action which first accrued to his representative because of the death. The joinder of the alternative and inconsistent theories is permitted by the state practice. Ely v. Detroit Co., 162 Mich. 287, 291, 127 N. W. 259. Defendant requested an instruction that the undisputed evidence demonstrated that Kuidd did not survive the injury, and that hence, if plaintiff was entitled to recover at·all, it could only be under the death act, and that the damages must be computed accordingly. The court refused this request and left it to the jury to assess damages under the one or the other act, according as they found that Kuidd did or did not survive the injury for "an appreciable time." No special finding was ordered or made, and there was a general verdict for plaintiff. Hence the record does not show upon which of the two inconsistent theories the recovery rests, nor to what beneficiaries the damages ultimately belong. However, if this is in so far a mistrial, it does not call for any action by this court, for the sufficient reason— if for no other—that there is neither exception nor assignment directed to that point.

The evidence shows that Kuidd was thrown agaist a telegraph pole, and then the body fell back upon the track, considerably crushed. The testimony of several witnesses for the defense, and of some for plaintiff, indicates that he was instantly killed in the most literal sense of those words; but the proofs must be taken most strongly for plaintiff. There was testimony tending to show that when people came running to Kuidd he was breathing, and that he continued to breathe, in the manner which was illustrated by a witness, and which

all agreed was "gasping," for a period estimated as long as 15 minutes. He did not move or try to speak, or give any other sign of life. It is agreed that he was not conscious. Upon this state of facts was there room for the jury to find a survival?

[4, 5] The case did not arise in the administration of any federal statute, where it would be directly affected by the opinions of the Supreme Court in The Corsair, 145 U. S. 335, 348, 12 Sup. Ct. 949, 36 L. Ed. 727, and in St. Louis, etc., Co. v. Craft, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160; but it so involves the application of the two Michigan statutes already mentioned that, so far as the Michigan Supreme Court has established a rule as to when an action accrues under the one statute rather than under the other, we ought to follow that rule. The decisions of that court do not furnish any very satisfactory criterion. The case which on its facts is the closest one to the present is the latest, and is Lobenstein v. Whitehead Co., 179 Mich. 279, 146 N. W. 293. It was there held that signs of life, as persuasive and existing as long as in the present case, were not inconsistent with the conclusion that the man did not survive sufficiently to have a right of action accrue to him. This decision, however, directly holds only that under such circumstances there is an issue of fact which would justify the jury in finding no survival; and we cannot be sure that it was intended to go farther and lay down a rule of law applicable to these facts. In this state of the Michigan decisions, this court is not satisfied that there was error in submitting to the jury the question of Kuidd's survival.

It follows that the judgment must be affirmed.