Wm. Lammars, Appellee, v. Chicago Great Western Railroad Company, Appellant.

**LIMITATION OF ACTIONS:** Amendment Presenting New Cause of Action. Petitions in actions commenced before the statute of limitations has run, may, as a rule, be amended to any extent, so long as the amendment does not have the effect of converting the theretofore pending action into a new and independent action. So held where a petition which already showed, by its recitals of fact, that plaintiff and defendant were engaged in interstate commerce, was held not to present a new cause of action by an amendment which (1) amplified the grounds of negligence and (2) formally alleged an act of interstate commerce.

*Appeal from Dubuque District Court.*—D. E. Maguire, Judge.

December 19, 1919.

Action, under Federal Employers' Liability Act, for damages. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Carr, Carr & Cox, George T. Lyon,* and *Don Evans,* for appellant.

*Frantzen, Bonson & Gilloon,* for appellee.

Stevens, J.—Plaintiff, in his original petition, which was filed on February 23, 1911, alleged that he was, during

the month of April, 1910, employed by the defendant as a section hand; that, while so employed, he was directed by his foreman to assist three other men to unload some steel rails from a coal car having sideboards about four feet in height; and that, while one of the rails was being unloaded, the foreman let one end thereof slip, causing it to fall and catch plaintiff's right leg about three inches above the ankle, tearing the muscles and tendons, and otherwise severely injuring the same. To this petition, the defendant filed a general denial only.

The cause was tried and submitted to the jury under Section 2071 of the Code of Iowa. There was a verdict and judgment in plaintiff's favor; but, upon appeal, the judgment was reversed, on the ground that plaintiff was not, at the time of the accident, employed in the operation of a railroad, and that Section 2071 had no application to the case. *Lammars v. Chicago G. W. R. Co.*, 162 Iowa 211.

Upon remand to the district court, plaintiff, after first securing the permission of the court to do so, filed an amendment to his original petition, slightly amplifying, but not changing, the allegations of negligence, and charging that, at the time of the accident, plaintiff was employed, and defendant engaged, in interstate commerce, and asked recovery under the provisions of the Federal Employers' Liability Act. A motion, filed by defendant, to strike the amendment, upon the ground that it stated a new cause of action, which was barred by the statute of limitations, was overruled; whereupon defendant answered, repeating that the cause accrued more than two years before the amendment was filed, and that same was, under the Federal Act, barred. The trial again resulted in a verdict and judgment for plaintiff, and defendant prosecutes a second appeal. It is not claimed by counsel for appellant that the facts do not bring the cause of action within the provisions of the

Federal Employers' Liability Act, but sole reliance is placed upon the bar of the statute.

The original petition alleged:

"That the defendant, Chicago Great Western Railroad Company, is a corporation organized and created under and by virtue of the laws of the state of Illinois, and is now and has been for some years engaged in owning and operating lines of steam railway throughout the states of Illinois, Iowa, and other states, including a line of steam railway located and operated in a westerly direction from the city of Dubuque to the city of Oelwein, in Fayette County, at which point the line divides, one branch going to Kansas City, and another to St. Paul. That the said line, as built and operated during the year 1910, passed in an easterly and westerly direction through Dubuque and Delaware Counties, in the state of Iowa, and one of the stations of said road in Delaware County, Iowa, being known as Almoral, and up to and prior to the 15th day of April, 1910, the plaintiff was employed as a section hand on the main line of the defendant railroad company's line, with head-quarters at Dyersville, Iowa."

It further recited that it was the duty of plaintiff, under his employment, to assist in keeping the railroad bed and tracks properly surfaced and in repair, and to assist in the loading and unloading of steel rails, when necessary for that purpose; that, at the time of the accident, he was assisting to unload the rails upon, and for the purpose of repairing, defendant's main line tracks.

As will be seen, it is specifically alleged that defendant owned and operated a line of railway throughout the states of Illinois, Iowa, and other states; that the line from Dubuque to Oelwein extended from the latter place to Kansas City and St. Paul. It is true that the states of Missouri and Minnesota are not mentioned, but the court will take judicial notice that Kansas City is located in Mis-

souri, and St. Paul in Minnesota. *Sieberts v. Spangler,* 140 Iowa 236; *Green & Sons v. Lineville Drug Co.,* 150 Ala. 112 (124 Am. St. 17); *Gilbert v. Moline W. P. & Mfg. Co.,* 19 Iowa 319; *Hunter v. New York, O. & W. R. Co.,* 116 N. Y. 615; *Texas & N. O. R. Co. v. Walker,* 43 Tex. Civ. App. 278 (95 S. W. 743); *Dickinson v. Branch Bank,* 12 Ala. 54; *Siegbert v. Stiles,* 39 Wis. 533. Specific allegation that plaintiff seeks to recover under the Federal Employers' Liability Act is unnecessary. *North Carolina R. Co. v. Zachary,* 232 U. S. 248 (58 L. Ed. 591); *Grand Trunk W. R. Co. v. Lindsay,* 233 U. S. 42. It is sufficient if, from the ultimate facts pleaded, it appears that both parties, at the time of the accident, were employed in interstate commerce. *North Carolina R. Co. v. Zachary,* supra; *Grand Trunk W. R. Co. v. Lindsay,* supra.

If the amendment served only to amplify or enlarge the allegations of the original petition, it related back, and the statute of limitations did not bar the action. *Seaboard A. L. R. Co. v. Renn,* 241 U. S. 290 (60 L. Ed. 1006); *Wabash R. Co. v. Hayes,* 234 U. S. 86; *Basham v. Chicago G. W. R. Co.,* 178 Iowa 998; *Curtice v. Chicago & N. W. R. Co.,* 162 Wis. 421 (156 N. W. 484); *Jorgenson v. Grand Rapids & I. R. Co.,* 189 Mich. 537 (155 N. W. 535).

If, however, the amendment stated a new cause of action, it did not relate back; and, as it was filed more than two years after the cause of action accrued, under the provisions of the Federal Act the bar of the statute was complete. *Union P. R. Co. v. Wyler,* 158 U. S. 285; *Walker v. Iowa Cent. R. Co.,* 241 Fed. 395; *Ft. Worth & R. G. R. Co. v. Bird,* (Tex.) 196 S. W. 597; *Smith v. Atlantic C. L. R. Co.,* 210 Fed. 761.

Before seeking to analyze the original petition, or to determine the effect of the amendment in question, we desire to refer to a few of the numerous decisions of the United States Supreme Court, the Circuit Court of Appeals,

and state appellate courts upon like questions. Counsel for appellant insistently urge that the holding of the United States Supreme Court in *Union P. R. Co. v. Wyler,* supra, is not only closely in point, but controlling in this case. Plaintiff in that case brought an action against the Union Pacific Railway Company in the Circuit Court of Jackson County, Missouri, alleging that the defendant was negligent in knowingly retaining in its employ an incompetent servant, by whose negligence the injury to plaintiff was caused. Upon removal of the cause to the Federal Court, both parties filed numerous amendments to their respective pleadings, and finally, plaintiff abandoned his cause of action, based upon the alleged incompetency of a fellow servant, and set up a cause of action under a statute of the state of Kansas. Whereupon, defendant answered, pleading the statute of limitations of Kansas, and also of Missouri. Upon trial, a verdict was returned in favor of the plaintiff, and judgment entered accordingly. The defendant went, upon error, to the Supreme Court of the United States, where, in a decision by Mr. Justice White (now chief justice), it was held that the amendment stated a new cause of action; that there was a departure from law to law; that, as the amendment was not filed within five years after the cause of action accrued, it was, under the law of the state of Missouri, barred by the statute of limitations. The decision of the United States district court, in *Walker v. Iowa Cent. R. Co.,* supra, holding that an amendment therein filed, seeking to bring the case within the law of Congress, was too late, and that the cause of action was barred by the statute of limitations, is predicated upon the further finding of the court that it did not appear from plaintiff's petition that either plaintiff or defendant, at the time the injuries were received, was engaged in interstate commerce. The cause of action was brought, and recovery sought, under the state statute. The

decision of the Texas Court of Appeals in *Ft. Worth & R. G. R. Co. v. Bird*, supra, involves a state of facts presenting a similar difficulty.

Coming now to the consideration of some of the cases cited and relied upon by appellee, we desire to call particular attention to *Seaboard A. L. R. Co. v. Renn*, supra. The court in that case, after stating that "the original complaint was exceedingly brief, and did not sufficiently allege that, at the time of the injury, the defendant was engaged and the plaintiff employed in interstate commerce," held that an amendment to the petition, filed more than two years after the cause of action arose; which supplied the necessary allegations, related back, and did not state a new cause of action. The court said:

"But, if it introduced a new or different cause of action, it was the equivalent of a new suit, as to which the running of the limitation was not theretofore arrested. *Sicard v. Davis*, 6 Pet. *124, 140; *Union Pac. R. Co. v. Wyler*, 158 U. S. 285; *United States v. Dalcour*, 203 U. S. 408. The original complaint set forth that the defendant was operating a line of railroad in Virginia, North Carolina, and elsewhere; that the plaintiff was in its employ; that, when he was injured, he was in the line of duty, and was proceeding to get aboard one of the defendant's trains; and that the injury was sustained at Cochran, Virginia, through the defendant's negligence in permitting a part of its right of way at that place to get and remain in a dangerous condition. Of course, the right of action could not arise under the laws of North Carolina, when the causal negligence and the injury occurred in Virginia; and the absence of any mention of the laws of the latter state was at least consistent with their inapplicability. Besides, the allegation that the defendant was operating a railroad in states other than Virginia was superfluous, if the right of action arose under the laws of that state, and was perti-

nent only if it arose in interstate commerce, and therefore under the act of Congress. In these circumstances, while the question is not free from difficulty, we cannot say that the court erred in treating the original complaint as pointing, although only imperfectly, to a cause of action under the law of Congress. And this being so, it must be taken that the amendment merely expanded or amplified what was alleged in support of that cause of action, and related back to the commencement of the suit, which was before the limitation had expired."

And again, in *Missouri, K. & T. R. Co. v. Wulf*, 226 U. S. 570 (57 L. Ed. 355), the Supreme Court, referring to the *Wyler* case, supra, said:

"But in that case, as is made plain in the opinion delivered by Mr. Justice White (now chief justice), the amended petition set up, not only a different state of facts, but a different rule of law, as the ground of the action, the original petition proceeding exclusively on the common-law rule which held a master liable who, with knowledge, employs or retains an incompetent servant, and making no reference to the Kansas statute, nor averring negligence on the part of the fellow servant, excepting so far as this might be inferred from the averment of his incompetency; while the amendment relied upon the fellow-servant's mere negligence, together with a statute of Kansas which made the master responsible for the consequences of the negligence of a fellow servant. The action having been commenced in a Missouri court, which would not take notice of the Kansas statute unless it were pleaded (*Babcock v. Babcock*, 46 Mo. 243), this court held that the rule that the Federal courts take judicial notice of the laws of the several states did not apply. Since, in the present case, the Federal statute did not need to be pleaded, and the amended petition set up no new facts as the ground of action, the decision in the *Wyler* case is not controlling."

The Circuit Court of Appeals for the fourth circuit, in *Smith v. Atlantic C. L. R. Co.*, 210 Fed. 761, held that an amendment filed more than two years after the cause of action accrued, alleging for the first time that the train upon which plaintiff was employed when the injury occurred was engaged in interstate commerce, was proper, and did not state a new cause of action.

An amendment to a petition which alleged "the defendant 'owns and operates a railroad throughout the states of Nebraska, Wyoming, Utah, and other states. * * * That he was employed by the defendant in the capacity of a baggage handler * * * on the 3d day of April, 1912, * * * and while engaged in this work, * * * in accordance with the directions of his foreman, a baggage handler on the top of another truck carelessly and negligently allowed a trunk weighing 150 pounds to fall down a distance of several feet upon plaintiff, striking him on the top and back of his head, causing plaintiff serious and severe injuries,'" was held by the Supreme Court of Nebraska, in *Eskelsen v. Union Pac. R. Co.*, 102 Neb. 423 (167 N. W. 408, 409), not to state a new cause of action. To the same effect, see *Martinson v. Chicago, B. & Q. R. Co.*, 102 Neb. 238 (166 N. W. 624).

The original declaration in *Jorgenson v. Grand Rapids & I. R. Co.*, 189 Mich. 537 (155 N. W. 535), made no reference to the Federal act, nor did it in express terms allege that defendant was engaged in interstate commerce, but, on the contrary, pleaded a cause of action under the Michigan Employers' Liability Act. By an amendment filed more than two years after the cause of action arose, plaintiff alleged that the defendant owned, and was, at the time the injury was received, operating a railway system extending through the states of Michigan and Indiana. The court held that the amendment related back, and did not state a new cause of action. Without further quoting from

the authorities, the following cases are cited as in point: *Hogarty v. Philadelphia & R. R. Co.*, 245 Pa. 443 (91 Atl. 854); *Flanders v. Georgia S. & F. R. Co.*, 68 Fla. 479 (67 So. 68); *Callahan v. Chicago & N. W. R. Co.*, 161 Wis. 288 (154 N. W. 449); *Martinson v. Chicago, B. & Q. R. Co.*, supra; *Nash v. Minneapolis & St. L. R. Co.*, 141 Minn. 148 (169 N. W. 540).

The holding of the above cases is in harmony with the prior decisions of this court. *Thayer v. Smoky Hollow Coal Co.*, 129 Iowa 550; *Gordon v. Chicago, R. I. & P. R. Co.*, 129 Iowa 747; *Knight v. Moline, E. M. & W. R. Co.*, 160 Iowa 160; *Basham v. Chicago G. W. R. Co.*, 178 Iowa 998. In the last-cited case, we said:

"We are of the opinion that the statute of limitations affords no defense in this case. The suit was originally brought, and has ever since been maintained, by the administrator, who is the proper person to prosecute it, whether it be maintainable under the law of the state or under the Federal Employers' Liability Act. The cause of action in either case is the death of Spellman, occasioned by the alleged negligence of the defendant. In other words, whether the action be brought in one form or the other, it is by the same party, against the same party, in the same court, for damages for the same alleged wrong, the sole distinction being in the measure of damages to be recovered, and the person or beneficiary to whom the plaintiff must account for the damages, if any, which he collects. Now, assuming that plaintiff seeks to recover under the statute of the state, and alleges a good cause of action, but, before the case is brought to trial, or even pending the trial, it develops that the deceased was injured while engaged in interstate commerce, and that, to sustain a verdict in favor of the administrator, the petition should allege that he was survived by a dependent wife or family, an amendment to the petition adding such necessary averment does not,

in the judgment of the court, state a new cause of action, permitting the defendant to successfully interpose a plea of the statute of limitations."

By reference to the allegations of plaintiff's original petition, quoted above, it will at once be seen that the character of defendant, as a common carrier engaged in inter-state commerce, was sufficiently set forth. Aside from a brief reference to the defendant's negligence, which in no wise changed the cause of action originally pleaded, the amendment to plaintiff's petition included only the statement of the conclusion that plaintiff was employed, and defendant engaged, in interstate commerce, at the time of the accident. The amendment alleged that the train upon which plaintiff was working had come from the state of Illinois into Iowa. This allegation was not necessary, to charge that both parties, at the time of the accident, were employed in interstate commerce. If, at the time of the accident, the rails were being unloaded to be used in repairing a track used by defendant for the movement of interstate trains, he was employed in interstate commerce, whether the particular train from which the rails were being unloaded had, in fact, come from another state into Iowa or not. *Pedersen v. Delaware, L. & W. R. Co.*, 229 U. S. 146; *Armbruster v. Chicago, R. I. & P. R. Co.*, 166 Iowa 155; *Gwynne v. Goldware*, 102 Neb. 260 (166 N. W. 625); *Eley v. Chicago G. W. R. Co.*, 186 Iowa 312; *Brier v. Chicago, R. I. & P. R. Co.*, 183 Iowa 1212.

The original petition alleged that defendant was unloading rails on the main line of defendant's railway, for use in repairing same and placing it in a suitable condition for conducting its business as a carrier of interstate commerce. Defendant tacitly concedes that plaintiff was injured while employed by defendant in performing services in interstate commerce. He had but one cause of action and that was under the law of Congress. He could not re-

cover under the state statute, for two reasons: one, the facts did not bring the case within the terms of the statute; and the other, that all state statutes, where the parties were engaged in interstate commerce at the time of the accident, were superseded by the Federal Act. The amendment in no wise varied or altered the allegations of negligence, or the facts constituting his cause of action. There was no departure from the law under which the cause of action was originally pleaded, which was the only law under which it could be maintained, to a law of Congress, since the facts and the substantial allegations of the petition remained the same.

The defendant did not, by answer or otherwise, plead that the parties, at the time of the injury, were engaged in interstate commerce. Such question could only be raised by it by an affirmative pleading. A recovery by plaintiff upon the allegations of his original petition would have been a complete adjudication of his claim, and a bar to the prosecution of another suit. We think it clear that the amendment did not state a new cause of action, but only amplified and enlarged the cause of action, by specifically and directly asking relief under the Federal Employers' Liability Act, and, therefore, related back to the original cause of action. The doctrine of *Union Pac. R. Co. v. Wyler,* supra, is without application to this case.

Many of the cases go much further than is required in the case at bar, to sustain the holding of the lower court. Some liberality in allowing amendments to be filed is quite necessary, to effectuate and insure justice. Defendant was misled in no way by the amendment. The facts, which are not disputed by the testimony of any witness, were substantially the same upon both trials. In the first trial, the court mistakenly submitted the case under the state statute, which was held, upon appeal, not to be applicable. There

was, therefore, no departure from law to law or fact to fact, as these terms are applied in the *Wyler* case, supra.

We therefore hold that the amendment was proper, and the judgment below is—*Affirmed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.