### COLLINS v. PEOPLE'S POWER CO.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1915.)

No. 4290.

DEATH ☞8—ACTION UNDER LAWS OF OTHER STATES—SPECIAL LIMITATION—"COMMENCEMENT OF ACTION."

An action for wrongful death in a court of Iowa, or in a federal court in that state, although based on the statute of Illinois, is governed by the procedure and decisions of Iowa relating thereto as to when an action should be deemed to have been commenced.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 12, 36, 52, 121, 133; Dec. Dig. ☞8.

For other definitions, see Words and Phrases, First and Second Series, Commencement of Action.

What law governs actions, see note to Russell v. Fleming, 47 C. C. A. 606.]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Action at law by Miles Collins, administrator of the estate of Stephen R. De Bord, deceased, against the People's Power Company and others, later dismissed as to all but the named defendant. From the judgment, plaintiff brings error. Reversed.

James W. Bollinger, of Davenport, Iowa (James H. Andrews, of Kewanee, Ill., on the brief), for plaintiff in error.

Joe R. Lane, of Davenport, Iowa (C. M. Waterman, of Davenport, Iowa, on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. Stephen R. De Bord was killed July 10, 1911, in the city of Rock Island, state of Illinois. November 3, 1911, Collins, as administrator of the estate of De Bord, commenced an action in the district court for Scott county, Iowa, to recover damages from the People's Light Company and Tri-City Railway Company, claiming that De Bord was killed through the negligence of the defendants. March 22, 1912, an amended petition was filed in said court, in which the People's Power Company was added as a defendant. April 11, 1912, the People's Power Company answered the amended petition.

June 4, 1912, the plaintiff in error dismissed the petition as to all defendants, except the People's Power Company. August 1, 1912, an order of removal to the federal court was made by the district court of Scott county. On September 27, 1912, the defendant in error moved the federal court for leave to withdraw its answer and file a demurrer. Leave was granted and the demurrer filed. November 16, 1912, the demurrer was sustained, for the reason that it did not appear from the petition that De Bord left any widow or next of kin; the court taking judicial notice of the statute of Illinois which gave the right of action. June 21, 1913, the plaintiff in error, Collins, amended his petition by setting up the Illinois statute, and also alleging that De Bord left a widow and father surviving him. The statute of Illinois giving the right of action provided that every such action should be commenced within one year after the death should occur. The defendant the People's Power Company again demurred to the petition, for the reason that it appeared therefrom that the limitation of one year for bringing the action under the Illinois statute had expired before June 21, 1913, the date of the amendment setting forth the statute of Illinois, and alleging that De Bord left surviving him a widow and father. The federal court sustained this contention and dismissed the action. The writ of error challenges the correctness of this judgment.

The question to be decided is: Was the action brought by Collins. as administrator, commenced within one year from July 10, 1911, the date that De Bord was killed? The action was in fact commenced November 3, 1911, in the district court for Scott county, Iowa. The petition, however, made no reference to the Illinois statute, and did not allege that De Bord left a widow or next of kin, and the state court could not take judicial notice of the provisions of the statute. The federal court could take judicial notice thereof, but an order removing the case into the federal court was not made until August 1, 1912, 20 days after the expiration of the year following the death of De Bord. The amendment in the federal court, setting forth the Illinois statute, as has been stated, was not filed until June 21, 1913.

It is claimed, therefore, that the action never became an action under the Illinois statute until either the removal to the federal court or the filing of the amendment setting up the Illinois statute, both of which occurred after the expiration of the year. The facts, however, upon which the plaintiff in error sought to recover, were fully stated in his petition filed at the commencement of the action in Scott county. Whether under the circumstances herein detailed the commencement of the proceeding in said county was a commencement of the action within the meaning of the Illinois statute must be determined, we think, by the law and procedure of Iowa, and not by that of Illinois. In Knight v. Moline, E. M. & W. Ry. Co., 160 Iowa, 160, 140 N. W. 839, the Supreme Court of Iowa had under consideration the same question that is presented in the present case. The case cited was one to recover damages in a court of Iowa for a death occurring in Illinois; the right of action being given by the same statute of Illinois that gives the right of action to the plaintiff in error. An amendment alleging the survival of a widow or next of kin was not filed until

after verdict had been rendered against the defendant. In answer to the contention that the amendment created a new cause of action, not commenced within the period of one year from the time of death, the Supreme Court of Iowa used the following language:

"This action was commenced in the Iowa court within one year. Such call of the statute is therefore answered. The manner of commencing the action in Iowa was necessarily the Iowa manner of commencing an action, and not the Illinois manner. Upon commencement of the action, the jurisdiction of the Iowa court attached. The methods of pleading and procedure were necessarily those of the forum, and not of the sister state. The manner of commencing a personal action in Iowa is by * * * an original notice, and not by the filing of the petition. The action could have been commenced by the serving of a notice before the expiration of one year, and this could have been properly followed by the filing of a petition after the expiration of such period. If this petition could be filed after the expiration of one year, why not an amendment also? The identity of the cause of action is not made to depend upon perfection of allegation; nor is the identity changed by the filing of a mere amendment. Though the petition be demurrable, that fact does not lift the toll of the statute. * * * We think it clear, therefore, that the particular statute of Illinois out of which the cause of action arose was fully complied with by the commencement of this action within one year, and that such statute was in no manner contravened by the subsequent procedure. The jurisdiction of our court having attached while the cause of action was valid and before the statute had run, the court must necessarily ascertain the rights of the parties under such statute in accordance with its own rules of pleading and procedure, and not in accordance with those of the foreign jurisdiction. * * * It follows that the filing of the amendment by the plaintiff did not render the statute of limitations available to the defendant as of that date."

We think the above decision, being a construction of the laws of Iowa allowing amendments and providing for the commencement of actions, is binding upon the federal court sitting in Iowa. Therefore we do not think the case of Union Pacific Railway Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, and other cases cited by counsel for defendant in error, are applicable. The trial court should have followed the decision of the Supreme Court of Iowa in the case referred to.

The judgment below should be reversed, and the case remanded, with instructions to overrule the demurrer, with the right to the defendant to answer within a time to be named, if it shall be so advised, and to otherwise proceed with the case as law and justice may require; and it is so ordered.