WESTERN UNION TELEGRAPH COMPANY *v.* DAVIS.

Opinion delivered February 23, 1920.

TELEGRAPHS AND TELEPHONES—FEDERAL CONTROL—RECOVERY FOR MENTAL SUFFERING.—Where the negligent act complained of was committed while defendant's telegraph lines were under control and operation of the United States Government, pursuant to joint resolution of July 16, 1918, and the President's proclamation of July 22, 1918, defendant was not liable for damages for mental anguish under Kirby's Digest, section 7947, and suit can not be maintained under it.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*Francis R. Stark* (New York) and *H. C. Mechem* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

The telegraph company is not liable for damages caused by the servants of the United States Government in operating the lines and there is no authority for maintaining this action for a cause which arose under Government control.    210 S. W. 644; 39 Sup. Ct. Rep. 507; 39 *Id.* 502; 39 *Id.* 51; 255 Fed. 99, 604; 256 *Id.* 690; 81 So. Rep. 404, 311; 82 *Id.* 458; 99 S. E. 846; 256 Fed. 690; 175 N. Y. Supp. 84; 204 U. S. 331; 161 *Id.* 10; 1 Cranch 345; 194 U. S. 601; 254 Fed. 880; 258 *Id.* 945-952; 259 *Id.* 361; 260 *Id.* 280; 249 U. S. 533; 255 Fed. 604.    See also 1 Sup. Ct. Rep. 499; 81 So. Rep. 417; 69 L. R. A. 924; 134 U. S. 418; 237 *Id.* 189.

*Sam R. Chew,* for appellee.

This action is based on Kirby's Digest, section 7947, which has been held valid and enforceable.    83 Ark. 39; *Ib.* 476; 121 *Id.* 246; 129 *Id.* 116.    The above section is an exercise of the police power of the State.    107 Ark. 174; 85 *Id.* 464; 85 *Id.* 12; 88 *Id.* 353; 92 *Id.* 1.    Nothing in the act of Congress affects or impairs the laws of this State as to its lawful police regulations.    Act Cong. July 16, 1918; 40 U. S. Rev. Stat.; 257 Fed. 758; *Mo. P. R. R.* v. *Ault,* 140 Ark. 572.    There is no merit in the ap-

peal in law or fact and the provisions of the President's proclamation and resolution of Congress, and cases *supra*, call for an affirmance of the judgment.

McCULLOCH, C. J.  The judgment below was one for the recovery of damages sustained by reason of negligent delay in the transmission and delivery of a telegraphic message from Little Rock to Van Buren.  The recovery of damages was based on a statute of this State which declares that telegraph companies doing business in the State "shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages."  Kirby's Digest, sec. 7947.

The message was sent and the negligent act with respect thereto was committed on November 17, 1918, while the telegraph lines were under control and operation of the Government of the United States, acting through the Postmaster General.  The authority of the Government to assume such control and operation of the telegraph lines is found in a joint resolution of Congress adopted on July 16, 1918 (40 Stat. 904, c. 154, [Comp. St. 1918, sec. 3115¾x, appendix]), which provides that during the continuance of the war the President "is authorized and empowered, whenever he shall deem it necessary for the national security and defense, to supervise or to take possession and assume control of any telegraph, telephone, marine cable, or radio system or systems, or any part thereof, and to operate the same in such manner as may be needful or desirable for the duration of the war."  The resolution contained the further provision: "Provided further that nothing in this act shall be construed to amend, repeal, impair, or affect existing laws or powers of the States in relation to taxation or the lawful police regulations of the several States, except wherein such laws, powers, or regulations may affect the transmission of Government communications, or the issue of stocks and bonds by such system or systems."

On July 2, 1918, the President issued a proclamation assuming control and operation of the telegraph and tel-

ephone lines pursuant to the authority conferred ·as above, the proclamation following substantially the language of the joint resolution. The proclamation reads that the President does "hereby take possession and assume control and supervision of each and every telegraph and telephone system, and every part thereof, within the jurisdiction of the United States, including all equipment thereof and appurtenances thereto whatsoever and all materials and supplies."

The Postmaster General took control and proceeded to operate the lines after July 31, 1918.

Appellant pleaded the complete control of the Government over the physical properties of the company in the operation of the telegraph business as a defense against any liability which accrued by reason of negligence during such Government control and operation.

The question presented by this plea is the sole question involved in the case, and the contention now is that the telegraph company is not liable for damages caused by the servants of the Government in operating the lines, and that there is no authority under the Federal law for maintaining an action against the telegraph company for a cause of action which arose under Government control.

We are of the opinion that this contention is sound, and must be sustained.

Learned counsel for appellee defend the judgment below under authority of the proviso in the Federal statute which preserves the authority to the States in the exercise of "lawful police regulations." The argument is that the liability imposed on telegraph companies for damages by way of mental anguish resulting from negligence in the transmission of messages is in the nature of a police regulation, the vitality of which is preserved in the Federal statute.

This contention overlooks, however, the decision of the Supreme Court of the United States in the recent case of *Dakota Central Telephone Co.* v. *State of South Dakota,* 250 U. S. 163, 39 S. C. R. 507, which interprets the language of the joint resolution of Congress and gives

a definition to the term "police regulations," that it means the exercise of the police power of the State in a restricted sense, limiting it to that phase of the power which deals with "health, safety and morals," and not in the comprehensive sense which embraces the substance of the whole field of State authority. The assumption of control by the Postmaster General was complete, and constituted a substitution of the Government for the owners of the telegraph lines in the operation of the same. The possession and control of the owners was entirely displaced, and the act of negligence complained of was committed, not by the servants and employees of the telegraph company, but by the servants and agents of the Government. There was no liability resting upon the telegraph company for the act of the Government, and no such liability was created by statute.

The decision of this court in the recent case of *Missouri Pacific Railway Co.* v. *Ault,* 140 Ark. 572, is cited by counsel as supporting the judgment of the lower court, but that case was a suit against a railway company for liability which arose under Federal control authorized under an entirely different statute, which according to our interpretation, preserved as against the owners of railroads liability which arose during Federal control, and expressly authorized an action against the transportation companies themselves. The most serious question in that case was as to the constitutionality of the Federal statute, it being contended that the statute constituted the taking of property without compensation and without due process of law, but we answered that contention by showing that the statute itself provided for ample compensation, to be paid by the Government to the transportation companies, and that there was no taking of property without just compensation in violation of constitutional rights. The statute, or rather the joint resolution, now under consideration does not contain a word which would justify us in holding that it preserved the liability of the telegraph companies, nor does it authorize a suit against the telegraph companies. Compen-

sation is to be paid by the Government for the use of the property, but no authority is conferred to hold the owners of the respective lines responsible for injuries which occur under Government control.

We see no escape from the conclusion that there is no liability in this case for the injury complained of. The judgment is therefore reversed, and the action dismissed.