## AMERSON v. WESTERN UNION TELEGRAPH CO.

(District Court, W. D. Kentucky, at Owensboro.   March 23, 1920.)

1. **Removal of causes 107(6)—Petition amendable to make more specific.**

   A petition for removal *held* amendable to make more specific allegations respecting citizenship of the parties.

2. **Telegraphs and telephones 26¾, New, vol. 7A Key-No. Series—Company under federal control not liable for negligence.**

   A telegraph company cannot be held liable for negligence or delay in the delivery of a message at a time when its lines were in control of and being operated by the government under war legislation.

At Law.   Action by S. S. Amerson against the Western Union Telegraph Company.   On motion of defendant for leave to amend petition for removal, motion by plaintiff to remand, and demurrer to answer.   Defendant's motion granted, and plaintiff's motion and demurrer overruled.

WALTER EVANS, District Judge.   It seems to the court to be altogether clear

[1] First.   That the defendant has the right to amend its petition for the removal of this action in the respects shown by its amendment tendered on the 22d inst., and therefore the court is of opinion that its motion to file said amended petition for removal should be and it is sustained upon the authority of Kinney v. Columbia Savings, etc., Association, 191 U. S. 81, 24 Sup. Ct. 30, 48 L. Ed. 103, and Rife v. Lumber Underwriters, 204 Fed. 34, 122 C. C. A. 346, the latter case decided by the Circuit Court of Appeals, 6th Circuit.

Second.   That, the citizenship of the parties being diverse and the amount sought to be recovered by defendant being definitely claimed as the sum of $3,252, exclusive of interest and costs, it follows inevitably that the demurrer to the petition for removal (though such pleading is somewhat unusual) should be overruled, and further that the plaintiff's motion to remand the case to the Henderson circuit court should be denied and overruled.

[2] Third.   It is too clear for argument that the plaintiff's demurrer to paragraphs 2, 3, and 4 of defendant's answer should be overruled. At the time the cause of action asserted by plaintiff arose, the defendant's entire plant and outfit were in the absolute control of the government of the United States under certain war legislation.   It is too much to say that there can be any reasonable doubt that under such circumstances the defendant, which never received nor transmitted the telegram mentioned in the plaintiff's petition, should be responsible for its not being sent or not delivered.   Without undertaking to say who would be responsible for the miscarriage of that communication, or for anything else respecting it, it certainly could not be maintained that the defendant is responsible for it.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The demurrer to each of the said paragraphs 2, 3, and 4 of defendant's answer must be overruled. This view obviates the need of passing on defendant's demurrer to plaintiff's petition.

Orders accordingly will be entered.