## WESTERN UNION TELEGRAPH CO. v. CONDITT.   (No. 8373.)

(Court of Civil Appeals of Texas. Dallas. May 22, 1920.)

I. **Telegraph and telephones ☞26¾, New, vol. 7A Key-No. Series—Company under federal control not liable for negligence.**

The telegraph company is not liable for negligent failure to deliver a message while its lines were being operated by the federal government under the authority of joint resolution of Congress July 16, 1918 (U. S. Comp. St. Ann. Supp. 1919, § 3115¾x), and the proclamation of the President, but any claim for such damages is a claim against the United States, of which the state courts have no jurisdiction.

2. **Evidence ☞34, 46—Courts take judicial notice of resolution of Congress and proclamation and orders thereunder.**

The resolution of Congress of July 16, 1918 (U. S. Comp. St. Ann. Supp. 1919, § 3115¾x), and the proclamation of the President, taking control of telegraph and telephone lines, as well as all public orders issued thereunder, are part of the law of the land, of which all courts, state and federal, must take judicial notice.

3. **Courts ☞97(5)—Construction of resolution of Congress and proclamation of President controlled by federal decisions.**

The resolution of Congress of July 16, 1918 (U. S. Comp. St. Ann. Supp. 1919, § 3115¾x), and the proclamation of the President, taking control of telegraph and telephone lines, should be construed in conformity with federal decisions.

Appeal from District Court, Hill County.

Action by H. E. Conditt against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed, and the case dismissed.

W. H. Flippin, of Dallas, for appellant.

HAMILTON, J. Appellee filed this suit on March 6, 1919, seeking to recover damages of appellant for mental anguish and grief suffered by him as the result of the alleged negligence of appellant and its agents in not delivering a message filed at Athens, Tex., on November 3, 1918, for transmission and delivery to appellee at Hillsboro, Tex., announcing the death of appellee's brother. Appellant answered by plea to the jurisdiction of the court, alleging that plaintiff's petition presented a cause of action solely against the government of the United States, of which the district court of Hill county had no jurisdiction; and subject to its plea to the jurisdiction of the court thus presented, appellee directed a general demurrer against the petition, and, among other additional grounds of defense, specially excepted to plaintiff's petition because the cause of action pleaded exists only against the government of the United States,

and is exclusively cognizable before the United States Court of Claims, or the proper federal court having jurisdiction of the cause concurrent with that of the Court of Claims. And appellee also set forth in its answer the joint resolution of Congress dated July 16, 1918 (U. S. Comp. St. Ann. Supp. 1919, § 3115¾x), authorizing the President, in time of war, to supervise or take possession and assume control of any telegraph, telephone, marine cable, or radio system, or any part thereof, and to operate the same during the war, and providing just compensation therefor. In the same connection appellant inserted in its answer a copy of the proclamation of the President dated July 22, 1918, by virtue of which, under the authority of the above-mentioned joint resolution of Congress, the possession, control, and supervision of all telegraph and telephone systems within the jurisdiction of the United States passed into the Postmaster General from and after midnight on the 31st day of July, 1918, which copy of the President's proclamation is followed in appellant's answer by a copy of the order of Postmaster General Burleson, dated August 1, 1918, made pursuant to the President's said proclamation and in which the Postmaster General, in conformity with said joint resolution of Congress and said proclamation of the President, assumes possession, control, and supervision of the telegraph and telephone systems of the United States. The suit was tried below before a jury and a verdict was returned for appellee and against appellant, upon which verdict the judgment appealed from was entered.

[1] Appellant's second assignment of error is as follows:

"The court erred in overruling and not sustaining defendant's plea to the jurisdiction in words as follows, to wit: 'Comes now the defendant, Western Union Telegraph Company, by its attorney, and says that the matter in controversy as alleged in plaintiff's petition presents a cause of action solely against the government of the United States, by reason whereof this court is without jurisdiction to hear and determine this case, and this it is ready to verify. Wherefore, defendant prays judgment whether the court can or will take further cognizance of this suit.' "

This assignment presents a sound proposition of law applicable to the case before us, and must therefore be sustained.

Nothing beyond an interpretation and application of the act of Congress vesting in the President the exclusive supervision, control, and possession of telegraph systems and the subsequent executive proclamation actually placing them in the hands of the Postmaster General is essential to a disposition of the case. The control and possession of all telegraph lines and agencies, including those of appellant, by the provisions of the resolution

of Congress, as applied by the President's proclamation, were assumed by the government of the United States, to the entire exclusion of appellant, and such exclusive control and possession existed at the time the cause of action arose and at the time the case was tried below; the lines not having been redelivered to the possession and management of their owners until July 31, 1919, at midnight. It follows, of course, that appellant was not on November 3, 1918, nor thereafter prior to August 1, 1919, owning and operating a telegraph line extending from Athens, Tex., to Hillsboro, Tex., as substantially alleged by appellee, and hence could not be made liable for the breach of any duty, contractual or otherwise, which did not and could not rest upon it, for the reason that its lines were being operated by the government as its own agencies. Western Union Tel. Co. v. Wallace, 222 S. W. ——[1] (not yet reported); Dakota Central Tel. Co. v. State of South Dakota et al., 250 U. S. 163, 39 Sup. Ct. 507, 63 L. Ed. 910, 4 A. L. R. 1623; Com. Cable Co. v. Burleson, 250 U.' S. 360, 39 Sup. Ct. 512, 63 L. Ed. 1030.

[2, 3] Copies of the joint resolution of Congress empowering the President to assume control, supervision, and possession of telegraph, telephone, and radio systems, the President's proclamation thereunder, the order of the Postmaster General in assuming control under the President's direction, and certain excerpts from the Congressional Record relating to the consideration of the joint resolution in the United States Senate are all, by agreement of counsel for appellant and appellee, approved by the trial court, inserted in the record. The resolution of Congress and the proclamation of the President, as well as all public orders issued thereunder, constitute a portion of the law of the land, of which all courts, state and federal, are bound, under the general rule adducible from the decisions, to take judicial notice, and which should be construed is conformity with the federal decisions. Such federal decisions, as well as those of the courts of this and other states, conclusively support the proposition that whatever cause of action appellee sets up in his petition is one exclusively against the government of the United States, as to which the jurisdiction of the district court of Hill county could not be invoked. Western Union Tel. Co. v. Wallace, 222 S. W. ——,[1] decided January 29, 1920, Galveston Court of Civil Appeals, and yet unpublished; Walker v. Iowa Central Ry. Co. (D. C.) 241 Fed. 395; Railway Co. v. Nelson, 108 Tex. 305, 192 S. W. 1056.

Appellant, by numerous cogent assignments of error, challenges the judgment of the trial court from various positions, the legal effect of all of which assignments, as we understand them, results in that disposition of the case which, in our opinion, is the only one to be made under the law. We therefore confine ourselves to the foregoing discussion as alone being sufficient to dispose of the case, which must be reversed and here dismissed.

Reversed and dismissed.