## WESTERN UNION TELEGRAPH CO. v. JOHNSON. (No. 2290.)

(Court of Civil Appeals of Texas. Texarkana. June 10, 1920.)

1. **Telegraphs and telephones 26¾, New, vol. 7A Key-No. Series—Company not liable for delay during federal control.**

Where the government under federal statutes has taken control of a telegraph company's lines, and operates them through the Postmaster General, the company is not liable for delay or failure to deliver a message.

2. **Appeal and error 1173(2)—Void judgment against defendant who did not appeal not disturbed.**

Where a judgment was rendered against two defendants, and there was no appeal by one of them, it cannot be disturbed as to him, although it be null and void.

Appeal from District Court, Bowie County; Rollin W. Rodgers, Special Judge.

Petition by Jane Johnson against the Western Union Telegraph Company and another for damages from delay and failure to deliver a telegraph message. Judgment against both defendants, and the company alone appeals. Reversed and dismissed as to appellant.

Chas. S. Todd, of Texarkana, for appellant. Dorough, Crumpton & Lincoln, of Texarkana, for appellee.

HODGES, J. In December, 1919, the appellee, Jane Johnson, filed an amended original petition in the court below against the Western Union Telegraph Company and A. S. Burleson. It alleged, in substance, the following facts: That the Western Union Telegraph Company is a private corporation, duly incorporated and doing business in Bowie county, Tex., with W. R. Roberts as its agent at New Boston, Tex., in said county, upon whom service might be had; that A. S. Burleson was at the dates mentioned in the petition the director general of telegraph and telephone lines in the United States, and that W. R. Roberts of New Boston, Tex., by reason of the agency for the Western Union Telegraph Company, was also the agent of Burleson as director general of telegraph and telephone lines. On the 2d day of June, 1919, the appellee delivered to the defendants a telegram to be transmitted and delivered to Mrs. Susan Williams at El Dorado, Ark., who was the mother of the appellee. The telegram was to notify Mrs. Williams that the child of the sender was seriously ill, and that the money had been wired for her to come at once. On the same date the appellee obtained from the telegraph company a money order message for the sum of $3, and wired the same to her mother at El Dorado, Ark., paying all the charges as well as messenger fees for the delivery of both telegrams. The agents of the telegraph company were informed of the residence of the addressee and of the importance of the two messages. It was further alleged that through the negligence of the agents of the telegraph company neither of the messages was ever delivered, nor was the money paid according to directions.

Citation was issued and served upon W. R. Roberts, the local telegraph agent at New Boston, Tex. The telegraph company alone answered, its answer consisting of a plea to the jurisdiction of the court and general and special demurrers. The exceptions were overruled, the case submitted to the jury, and a judgment rendered in favor of the appellee for the sum of $750 as actual damages for mental anguish suffered. The terms of the judgment award a recovery against both the telegraph company and A. S. Burleson. The telegraph company alone has appealed.

[1] It is insisted that the court erred in not sustaining its general and special exceptions to the petition, because it appeared upon the face of that instrument that at the time the messages were delivered the lines of the appellant had been taken over by the federal government, and were then under the control of the Postmaster General, A. S. Burleson, and for that reason the appellant in its corporate capacity was not responsible for the resultant injuries. Both the averments of the amended original petition and the facts proved upon the trial show that at the time the messages were sent the lines of the appellant had been taken over and were being operated by the federal government under the direction of the Postmaster General by authority from Congress. That being true, the telegraph company could not be held responsible for the injuries complained of. That proposition is so well settled by the following authorities that further discussion is necessary: W. U. Tel. Co. v. Wallace, 225 S. W. ——[1] (not yet officially published); W. U. Tel. Co. v. Davis (Ark.) 218 S. W. 833; Annie Foster v. W. U. Tel. Co. (Mo. App.) 219 S. W. 107; Northern Pacific Ry. Co. and Walker D. Hines v. North Dakota, 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897; Dakota Telephone Co. et al. v. State of South Dakota, 250 U. S. 163, 39 Sup. Ct. 507, 63 L. Ed. 910, 4 A. L. R. 1623. We are of the opinion that the demurrers of the appellant telegraph company should have been sustained.

[2] There is no appeal from the judgment against A. S. Burleson, and there is no occasion for that judgment to be disturbed, although it be null and void.

For the reasons stated the judgment against the Western Union Telegraph Company will be reversed, and the action as to it dismissed.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Rehearing pending.