No. 22,817.

JENNINGS R. DESSERY, *Appellee,* v. THE WESTERN UNION TELEGRAPH COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

TELEGRAM—*Failure to Transmit Money by Telegram—Telegraph Line Under Control of Government—Company Not Liable for Damages.* The Western Union Telegraph Company is not liable for damages caused by the failure to transmit money by telegram over the Western Union lines during the time that the property of the company was under the control of the government of the United States under the joint resolution adopted by Congress July 16, 1918, and the proclamation of the president issued thereunder July 22, 1918, and the order of the postmaster-general issued August 1, 1918.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed October 9, 1920. Reversed.

*Charles Blood Smith, Samuel Barnum,* both of Topeka, *Samuel J. McCulloch, Alexander New, Arthur Miller, Maurice H. Winger,* all of Kansas City, Mo., for the appellant; *Francis R. Stark,* of New York, N. Y., and *Edwin Camack,* of Kansas City, Mo., of counsel.

*J. O. Emerson,* and *David J. Smith,* of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages from the defendant for failing to transmit money by telegram. Judgment was rendered for the plaintiff for actual and punitive damages, and the defendant appeals.

On October 27, 1918, the plaintiff was a soldier at Camp

Dessery v. Telegraph Co.

Dodge, Iowa. He needed money and telegraphed to his father at Tonganoxie, Kan., for ten dollars. The father immediately turned over to the telegraph company fifteen dollars and paid for wiring instructions to the company at Camp Dodge to pay to the plaintiff that amount. The money was not received by the plaintiff. He recovered judgment for $18.80, actual damages, and $122.75, punitive damages. At the time the money was placed in the hands of the defendant at Tonganoxie all its property was under the control of the United States government under a joint resolution passed by the congress of the United States on July 16, 1918, and the proclamation of the president issued thereunder on July 22, 1918, and the order of the postmaster-general of the United States dated August 1, 1918. Two questions are presented by the defendant, one that by reason of its property being under the control of the government there existed no liability on the part of the defendant, and the other, that the transmission of the money by telegram was an interstate transaction and, therefore, punitive damages could not be recovered. It is necessary to discuss only the former proposition, and that has been determined against the plaintiff by a well considered line of decisions recently rendered, a number of which have not been officially published.

The leading case is *Dakota Cent. Tel. Co. v. South Dakota,* 250 U. S. 163, where it was held that state control over intrastate telephone rates ceased with the exercise by the president of his authority under the joint resolution of July 16, 1918. (Part 1, 40 U. S. Stat. at Large, Ch. 154.) That rule has been followed in the regulation of intrastate railroad freight rates (*Northern Pac. Ry. Co. v. North Dakota,* 250 U. S. 135); in actions against a telephone company for injuries sustained by an employee while working for the company (*Mitchell v. Cumberland Telephone & Telegraph Co.,* 221 S.W.547 [Ky.]); and in actions for damages caused by delay in the transmission of telegrams. (*Canidate v. Western Union Tel. Co.,* 85 So. 10 [Ala.]; *Western Union Telegraph Co. v. Glover,* 86 So. 154 [Ala.]; *Western Union Telegraph Co. v. Davis,* 218 S. W. 833 [Ark.]; *Foster v. Western Union Telegraph Co.,* 219 S. W. 107 [Mo.]; *Western Union Telegraph Co. v. Conditt,* 223 S. W. 234 [Tex.]; *Western Union Telegraph Co. v. Wallace,* — S. W. — [Tex., Feb. 10, 1920, not yet reported]; *White v. United*

*States,* 263 Fed. 17.) Under the decisions of the United States supreme court and the state supreme courts that have followed those decisions, this court must hold that the defendant is not liable for failing to transmit the money to the plaintiff. But the plaintiff argues that all the stationery and blanks used in the transaction out of which this action arose were the blanks of the Western Union Telegraph Company. That may be true, but the court is compelled to take judicial notice of the fact that the company was not then operating its telegraph lines, and evidence could not be properly received to disprove that fact.

It necessarily follows that the judgment must be reversed, and that judgment must be rendered for the defendant. It is so ordered.