## JOHN D. TAYLOR, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, May 23, 1921.

1. **EVIDENCE: Judicial Notice: Acts of Congress and Presidential Proclamations Judicially Noticed.** The courts will take judicial notice of acts of Congress and presidental proclamations.

2. ———: ———: **Cessation by United States Government of Control of Telegraph System Judicially Noticed.** The courts will take judicial notice of fact that the control of a telegraph system operated by United States Government ceased on certain day by virtue of repealing Act of Congress.

207 Mo. App.—10

3. **TELEGRAMS:** Federal Control: Defendant not Liable for Failure to Promptly Deliver Telegram While its Telegraph System was Under Federal Control. In a suit instituted to recover $300, statutory penalty, provided by section 10136, Revised Statutes 1919, for failure to promptly deliver a telegram, where defendant's telegraph system was at the time being operated by the United States Government, *held*, defendant was not liable and demurrer to the evidence should have been sustained.

Appeal from the Circuit Court of Chariton County.—
*Hon. Fred Lamb*, Judge.

REVERSED.

*John D. Taylor, pro se.*

*Francis R. Stark, New, Miller, Camack & Winger* and *Mahan, Smith & Mahan* for appellant.

TRIMBLE, P. J.—This suit was instituted June 3, 1919, to recover the $300 statutory penalty provided by section 3330, Revised Statutes 1909 (now Sec. 10, 136, R. S. 1919), for failure to promptly deliver a telegram alleged to have been sent by plaintiff from St. Louis, Missouri, to Keytesville, Missouri, on the 6th day of April, 1919.

The answer was a general denial, and it further set up as a defense that at the time the telegram was filed for transmission defendant was not in control and operation of its telegraph system, but that the same had been taken over, and was being operated, by the United States Government under Resolution of Congress of July 16, 1918, a Proclamation of the President dated July 22, 1918, and an order of the Postmaster General, dated August 1, 1918, and that the business of receiving, transmitting and delivering telegrams was under the direction, control and operation of the United States through its Postmaster General, and that the defendant did not undertake to receive, transmit or deliver the telegram filed by plaintiff.

The defendant demurred at the close of plaintiff's evidence and again at the close of all the evidence, but was overruled and judgment was rendered in the sum of $300 the statutory penalty. And from this judgment, the defendant has appealed.

There is no contention made by respondent over the proposition that if as a matter of fact the defendant't telegraph system was in the hands of, and being operated by, the United States Government on April 6, 1919, when the telegram was filed for transmission, then this suit, being against the defendant company itself, cannot be maintained. Respondent's position is that the blanks on which the telegram was sent had nothing on them to show that the Government was in control or that anyone other than the defendant itself was undertaking to contract in reference to the message, and that the defendant contented itself merely with showing thot, under the Joint Resolution of Congress of July 16, 1918 (40 U. S. Stats. at Large 904, the President's Proclamation of July 22, 1918 (40 U. S. Stats. at Large 1807), and the Postmaster General's announcement of August 1, 1918, the defendant's lines were taken charge of by, and were under control of, the United States Government, its officers and agents, on the from midnight of July 31, 1918. But that there was no showing that such control continued and was in existence down to and on April 6, 1919, the date the telegram was filed for transmission. This contention concedes, in effect, that it was shown at the trial that government control was assumed on July 31, 1918, but it aaserts that the burden was on defendant to show that such possession and control was in existence at the time the message was filed. It may be well to here observe that, as a matter of fact, such governmental possession and control continuel until midnight of July 31, 1919, as shown by the Act of Congress of July 11, 1919, repealing the Joint Resolution, which date of cessation of control was nearly four months after the filing of the message for transmission.

It would seem that governmental control having been once shown to exist, that condition is presumed to have existed until the contrary is shown by the party disputing the continuance of the condition. [Lawson on Presump. Evid., 211-240; 22 C. J. 86; 22 Am. & Eng. Ency. of Law (2 Ed.), 1238.] However, if the fact that, the telegraph blanks made no mention of government control would ordinarily be a sufficient circumstance to rebut that presumption, yet it is not so in this instance since the courts will take judicial knowledge of the Acts of Congress and of the Proclamations of the President pursuant thereto and thereunder. [Pipes v. Missouri Pacific R., 267 Mo. 385, 393; Armstrong v. United States, 13 Wall. 154; Jenkins v. Collard, 145 U. S. 546, 561.] Practically the same contention made by plaintiff herein was made in Dessery v. Western Union, 192 Pac. 728, 729, but in answer thereto the Supreme Court of Kansas said: "That may be true, but the court is compelled to take judicial notice of the fact that the company was not then operating its telegraph lines, and evidence could not be properly received to disprove that fact." That the courts will take judicial notice of the Acts of Congress and presidential proclamations thereunder is further clearly supported by the following authorities: Western Union, etc., Co. v. Glover, 86 So. 154; McSeena's Admr. v. Paris Home Telephone, etc., Co., 227 S. W. 450; Western Union, etc., Co. v. Laslie, 84 So. 864, 865; Western Union, etc., Co. v. Robinson, 225 S. W. 877; Western Union, etc., Co. v. Davis, 218 S. W. 833; Western Union, etc., Co v. Conditt, 223 S. W. 234.] Likewise the courts take judicial notice of the fact that the control ceased on a certain date by virtue of a repealing Act of Congress. [Crenshaw v. Corbitt, 264 Fed. 962.] As to non-liability of defendant for delay or failure in transmission of telegrams during the period of that control, see, also, Foster v. Western Union, etc., Co., 219 S. W. 107; Amerson v. Western Union, etc., Co., 265 Fed. 909; Mitchell v. Cumberland,

etc., Co., 221 S. W. 547; Spring v. American T. and T. Co., 103 S. E. 206; Western Union, etc., Co. v. Johnson, 224 S. W. 203.

It follows, therefore, that the defendant cannot be held liable for the failure to promptly send the telegram in question, and that the demurrer to the evidence should have been sustained. Consequently the judgment must be, and the same is, reversed. The other judges concur.