DAVIS, Agent, v. LOCK.  (No. 8326.)

(Court of Civil Appeals of Texas.  Galveston. March 15, 1923.)

1. Evidence ⟨key⟩48—Judicial notice taken of time President took possession of certain railroad.

The court will take judicial notice of the fact that the President of the United States did not take possession of nor begin operation of the Louisiana Western Railway or the Galveston, Harrisburg & San Antonio Railway Company until the 28th day of December, 1917.

2. Railroads ⟨key⟩5½, New, vol. 6A Key-No. Series—Government not liable for shipment before federal control.

The government is not liable to a suit under Transportation Act 1920. § 206, for negligent handling of a shipment of live stock by a railroad before the President took possession of the railroads.

Appeal from District Court, Matagorda County; M. S. Munson, Judge.

Action by Fred G. Lock against James C. Davis, Director General of Railroads, designated as Agent by the President. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Baker, Botts, Parker & Garwood, of Houston, Styles, Krause & Erickson, of Bay City, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellant.

GRAVES, J. In this cause appellee Fred G. Lock was given a judgment of $550 against "James C. Davis, Director General of Railroads as Agent, in accordance with section No. 206 of the Transportation Act," as damages found by the jury to have re-

sulted to him from the negligent handling of a train load of live stock shipped from Vinton, La., to Blessing, Tex., via the Louisiana Western Railway as initial carrier, and the Galveston, Harrisburg & San Antonio Railway Company as the delivering carrier.

The shipment left Vinton, La., on August 9, 1917, and arrived at Blessing, Tex., on August 11, 1917, under a through bill of lading bearing the first-mentioned date at 10:30 p. m., and issued by the Louisiana Western Railway Company, through its agent, to the agent of the appellee. The appellee in his petition alleged that the shipment left Vinton two days earlier, that is, on August 7, 1917, and that he delivered the stock there to Walker D. Hines, the predecessor of James C. Davis as Director General of Railroads. On the trial the appellant, as Agent Designated by the President under the Transportation Act of 1920 (41 Stat. 456), among other defenses, filed a general demurrer to the petition of the plaintiff below, under which—while it does not appear that such objection was then brought to the court's attention—was available the defense that on the date of the alleged shipment and delivery there was no such official as the Director General of Railroads, and that that arm and agency of the federal government was not in fact in operation until about five months subsequent thereto, that is, on December 28, 1917; the trial court overruled the demurrer, and, over the further appropriate protests of the appellant, submitted the cause upon special issues to the jury, upon the answering of which in favor of the appellee the judgment mentioned was entered.

[1, 2] After taking all essential procedure in the trial court, the appellant assigns in this court as error the action of the trial court in so overruling his general demurrer and proceeding to hear the cause upon the facts. This position must be sustained; the facts are undisputed that the shipment was made in August, 1917, indeed, was alleged to have been, and all the courts will take judicial knowledge of the fact that the President of the United States did not take possession of nor begin operation of the railroads over which this shipment was transported until the 28th day of December, 1917, and hence no liability by the appellee. Western Union Tel. Co. v. Wallace, 235 S. W. 282; Western Union Tel. Co. v. Robinson (Tex. Civ. App.) 225 S. W. 880; Western Union Tel. Co. v. Johnson (Tex. Civ. App.) 224 S. W. 203; Western Union Tel. Co. v. Conditt (Tex. Civ. App.) 223 S. W. 234; Houston East & West Texas Railway Co. v. Tanner (Tex. Civ. App.) 227 S. W. 713.

Other defenses presented by the appellant should also have been sustained, but it becomes unnecessary to further refer to them.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It follows from what has been said that the trial court's judgment must be reversed, and that judgment must be here rendered in favor of the appellant; that order will accordingly be entered.

Reversed and rendered.